ALVIN FLINT *v.* EBENEZER S. ALLYN & OTHERS.

ORLEANS,
*August,*
1839.

The real party to a suit at law, although not the party of record, cannot
be compelled to testify.

*Quære*—Whether the exclusion of the party of record from giving testimo-
ny, and his privilege from being called by the opposite party, do not rest
exclusively upon interest.

ASSUMPSIT, on a promisory note.—Plea, *non assumpsit.*
Issue to the court.

On the trial in the county court, the plaintiff read in evi-
dence, without objection, the note declared upon, and rested
his case.

The defendants, to support the issue on their part, and to
disprove the right of recovery upon the note, called Joseph
F. Brown as a witness, who, being sworn, objected to testify-
ing in the cause, alleging, as the ground of objection, that the
note aforesaid was taken for his benefit; that he had always
been, and still was, the owner thereof, and that he had insti-
tuted, and was then prosecuting, the present suit at his own
expense and for his own benefit. The statement of the
witness was not controverted; but the defendants insisted
that they were, nevertheless, entitled to his testimony. But
the county court decided that he was not bound to testify.
No further evidence having been given, or offered, the issue
was found, and judgment rendered for the plaintiff. To
which decision the defendants excepted.

*E. G. Johnson and Maeck & Smalley,* for the defendant,
cited 1 Phil. Ev. 34. 1 Stark. Ev. 135, and cases there cited.
*King* v. *Melville,* 1 Hale's Law Journal, 223.

*John H. Kimball,* for plaintiff, cited 1 Swift's Dig. 745.
2 Starkie's Ev. 750. 3 id. 1061, note I.

The opinion of the court was delivered by

REDFIELD, J.—The only question in this case is, whether
the defendant can call upon the real plaintiff, as a witness in
the case, and he be compelled to testify?

It is well settled in this state, I apprehend, that no inter-
test in the event of the suit, short of being the real party,
will excuse one from giving testimony, when called upon to
do so.

It is equally well settled that the real party, although not

the party of record, cannot be .*compelled* to testify. *White* v. *Everest*, 1 Vt. R. 181. This rule is uniformly adhered to in Westminster Hall. *King* v. *Woodburn*, 10 East, 395. It is there now considered that the party in interest, and the party of record even, may waive the privilege, and when called upon by the opposite party, give testimony; and that such testimony must be received, although objected to by others having an interest in the subject, if the party is called upon to give testimony *against his interest*. *Worrall* v. *Jones, et al.* 7 Bing. 395. (20 Eng. C. L. 177.) *Norden* v. *Williamson*, 1 Taunt. 378. Mr Starkie, in the 6th Ed. of his treatise on Evidence, cites the latter case, 2 Vol. 580, note e. And also *Pewtris* v. *Granger*, 3 Camp. 177, as being to the same point; but thinks these cases were decided upon peculiar grounds, and that the general rule, excluding the party of record from giving testimony, should not be infringed. In Connecticut, the party of record is allowed to testify against his own interest, when called by the opposite party. *Cowles* v. *Whitmore*, 10 Conn. R. 124. *Woodruff* v. *Westcott*, 12 do. 134. *Johnson* v. *Blackman*, 11 do. 342. But in all these cases, it is held that he can never be *compelled* to testify. We have extended the same privilege to the party in interest. In New York the same rule is adopted. *Morrison*, v. *Lamb*, 7 Cowen, 174. In *Willing et al.* v. *Consequa*, 1 Pet. R. 307, it is said that the foundation of the rule that a party cannot be a witness, is interest; and when *all* interest is removed, the objection ceases. If so, then with great propriety, the party in interest is regarded as the real party in the suit.

Judgment affirmed.